ALFRED BLEWITT, Appellant, *v.* WILLIAM B. BOORUM et al.,
                    Respondents.

The rule applicable to deeds or writings conveying or relating to the conveyance of real estate or an interest therein, that a delivery cannot be made conditionally, and that when delivered to a party the delivery operates at once and a condition attached thereto is unavailable, is not applicable to an instrument not in any way affecting real estate and which does not require a seal for its validity, and this, although the instrument is in fact sealed.

In an action, therefore, upon a contract executed under seal, but which does not require a seal for its validity, it is competent for defendant to show that the instrument was executed upon condition that it was not to operate as a contract until the performance by plaintiff of some prescribed act, and this may be shown by oral evidence.

(Argued April 24, 1894; decided May 1, 1894.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 6, 1891, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Isaac N. Miller* for appellant. The court erred in admitting oral evidence to contradict a sealed instrument. (Chitty on Cont. § 4; 4 Kent's Comm. 451–454; *Wallace* v. *Berdell,* 97 N. Y. 13; *Arnold* v. *Patrick,* 6 Paige, 315; *Wilson* v. *Dean,* 74 N. Y. 531; *Weber* v. *Christian,* 121 Ill. 92; *Gavinzel* v. *Crump,* 22 Wall. 319; *Parish* v. *U. S.,* 8 id. 490; Greenl. on Ev. §§ 22, 275, 282; *Coe* v. *Hobby,* 72 N. Y. 141; *Allen* v. *Jaquish,* 21 Wend. 632; *Eddy* v. *Graves,* 23 id. 84; *Halliday* v. *Hart,* 30 N. Y. 493; *Hargrave* v. *Melbourne,* 86 Ala. 270; Story on Cont. 712–721; *Juilliard* v. *Chaffee,* 92 N. Y. 534; *Engelhorn* v. *Reitlinger,* 122 id. 76; *Thomas* v. *Scutt,* 127 id. 133; *Semitler* v. *Simon,* 114 id. 176; *Snowdon* v. *Guion,* 101 id. 458.) The rule excluding

oral evidence applies to all sealed instruments. (*Marsh* v. *McNair*, 99 N. Y. 174; *Arnold* v. *Patrick*, 6 Paige, 315.) Under the pleadings defendants were estopped from denying ownership of plaintiff. (2 Herman on Est. § 575; *Reed* v. *McCourt*, 41 N. Y. 435; *Crane* v. *Morris*, 6 Pet. 598; *Carver* v. *Astor*, 4 id. 1; *Bruce* v. *U. S.*, 17 How. [U. S.] 437; *Sickles* v. *Flanagan*, 79 N. Y. 224; *Pollock* v. *Pollock*, 71 id. 137.) The court erred in finding in effect that the plaintiff never acquired the title to a half interest in this patent. (*Mumford* v. *A. L. Ins. & T. Co.*, 4 N. Y. 463; *Hogan* v. *Weyer*, 5 Hill, 389; *Fisher* v. *Fredenhall*, 21 Barb. 82; *Kneedler* v. *Sternbergh*, 10 How. Pr. 67; *Wheaton* v. *Baker*, 14 Barb. 594; *Jones* v. *Anderson*, 82 Ala. 392; *Snow* v. *Alley*, 144 Mass. 546.)

*James L. Bishop* for respondent. Upon this appeal the court can consider only the exceptions to rulings upon questions of law. (*Porter* v. *Smith*, 107 N. Y. 531.) Parol evidence is admissible to show that a written paper, which in form is a complete contract, of which there has been a manual tradition, was nevertheless not to become a binding contract until the performance of some condition precedent, resting in parol. (*Reynolds* v. *Robinson*, 110 N. Y. 654; *Harnickell* v. *N. Y. L. Ins. Co.*, 111 id. 390; *Juilliard* v. *Chaffee*, 92 id. 529–535; *Benton* v. *Martin*, 52 id. 570.) There is no exception to this rule arising from the circumstance that the signatures to the contract have seals attached to them. (Code Civ. Pro. § 840; *Ortman* v. *Dickson*, 13 Cal. 33; *Barton* v. *Gray*, 57 Mich. 634; *Canal Co.* v. *Ray*, 101 U. S. 522; *McCrary* v. *Day*, 119 N. Y. 1; *Bracket* v. *Barney*, 28 id. 333.)

PECKHAM, J. This action was brought to obtain an accounting from defendants and for damages sustained by plaintiff by reason of the violation of a certain contract, under seal, entered into between the parties to the action in relation to the right to manufacture and sell a temporary kind of binder for books, called the "Common Sense Binder," and for which letters patent had been issued.

The defendants admitted the execution of the contract, but alleged that it had been executed upon the parol condition that it was not to operate as a contract until the plaintiff acquired the interest of a third person in the patent spoken of in the agreement, and it was alleged that the plaintiff had never performed the condition. Evidence showing that the contract was executed with the condition above stated, and that the condition had never been performed, was offered upon the trial and received by the court, under proper objection and exception on the part of the plaintiff, and, after the evidence was in, the court found the fact in accordance with defendants' contention and gave judgment dismissing the complaint, which was affirmed at the General Term, and from such affirmance the plaintiff has appealed to this court.

The case of *Reynolds* v. *Robinson* (110 N. Y. 654) holds that a writing which is in form a complete contract, and which has been delivered, may be proved to have been delivered upon a parol condition that it was not to become a binding contract until the happening of some event in the future, and that such event had not occurred. The cases cited in the brief opinion fully bear out the statement.

The plaintiff here contends that the authority of that case must be confined to contracts which are not under seal, and, as the contract here was a sealed one, the case has no application.

Of course the mere presence or absence of a seal upon a writing would seem to be a matter of the smallest importance upon the question now under consideration. The same reasons would apply with equal force for receiving or rejecting the contemporaneous parol understanding where the writing was sealed, as where the seal was absent. It is a question in each case as to whether there has or has not been an executed and completed agreement or act. Many of the old English cases held the doctrine that where there was a writing bearing upon its face the marks that it was fully and completely executed, if there were a delivery of the writing to the party himself, there could be no parol evidence that the delivery was upon a condition or in escrow. The reason assigned in many cases

was that such evidence would lead to the result that a bare averment without any writing would make void every deed. The word deed was not used in its restricted sense of a written instrument conveying land, or some interest therein, but in the sense that it was a writing of the party, and hence his act or deed. In *Williams* v. *Green* (1 Croke's Eliz. 884) the action was one of debt on a bill. There was no seal attached. The plea was that the bill had been delivered to the plaintiff as a schedule (a memorandum), upon condition that if plaintiff delivered to defendant a horse upon a certain day, then the schedule was to be his *deed*, otherwise not, and that plaintiff had not delivered the horse. The plaintiff demurred to the plea, and it was resolved by the whole court to be a bad plea, for a *deed* could not be delivered to the party himself as an escrow, because then a bare averment without any writing would make void any deed. The decision was not based upon the question of a seal, and the paper was referred to as a deed simply by way of description of an act of the party in delivering a written instrument which ought not to be rendered void by a parol contemporaneous understanding or agreement. The reason would apply with equal force to all written instruments, sealed or unsealed. Other cases of a nature where the writings needed not to have been under seal, and where it was held that they could not be delivered *conditionally* to the party to the instrument, are cited in 2 Coke upon Lyttleton, 276 (Philadelphia ed., 1827; 1st Am. from last London ed.). On the other hand, there is one case which decided that a writing obligatory could be delivered in escrow to the obligee (*Hawksland* v. *Catchel*, 1 Croke Eliz. 835), but after differences of opinion among the judges it was finally resolved otherwise in later cases, as stated in Coke (*supra*).

These cases show that the rule preventing parol evidence of a delivery to the party upon condition, was not founded upon the presence of a seal to the writing, but the rule was adopted because when the words were contrary to the act (of delivery), the words were regarded as of no effect, for it was not what

was said, but what was done, that was in such case to be regarded. Hence, a delivery to a party was said to be inconsistent with any condition attached to it, and a condition was in fact a contradiction of the writing, and parol evidence of the condition was, therefore, inadmissible. A different view was subsequently taken of this act of delivery. The courts said it was not a contradiction of the terms or legal effect of the writing, but it was proof simply that no contract had in fact been entered into. They said that the production of a writing purporting to be an agreement by a party, with his signature attached, afforded a strong presumption that it was his written agreement, but if at the time the parties agreed that the writing was not to take effect as an agreement until the happening of some event, in other words, that it was agreed upon conditionally, then it should not take effect until the happening of the event or the fulfilment of the condition. (*Pym* v. *Campbell*, 6 Ellis & Black, 370; S. C., 88 Eng. Com. L. 370.) CROMPTON, J., in the above case, in speaking of an instrument under seal, said it could not be a deed until there was a delivery, and when there was a delivery that estops the parties to the deed, which was a technical reason why a deed could not be delivered as an escrow to the other party. He said the parties may not vary a written agreement, but they may show that they never came to an agreement at all, and that the signed paper was never intended to be the record of the terms of the agreement, for they never had agreeing minds. In truth, however, the Court of Exchequer in *Bowker* v. *Burdekin* (11 M. & W. 128), had already distinctly stated that a delivery of a deed to a party might be in escrow, even though the condition were not in express words, if from the circumstances attending its execution it could be inferred that it was not delivered to take effect as a deed until a certain condition were performed. Baron PARKE said in that case it was now settled law, though it was otherwise in ancient times, that in order to constitute the delivery of a writing as an escrow, it was not necessary that it should be done by express words, but you are to look at all the facts

attending the execution, and though in form it was an absolute delivery, if it can be reasonably inferred that it was delivered not to take effect as a deed till a certain condition was performed, it will still operate as an escrow. The deed was in that case delivered to the party who was to take a benefit under it, and while the court held it was in fact an absolute delivery, the learned judges admitted that it might have been delivered conditionally to a party, and, if so, it would not take effect until condition performed. And in *Gudgen* v.. *Besset* (6 Ellis & Bl. 986) the lease of premises for a term of years was signed, sealed and delivered to the party, although after such delivery the grantor retained the lease in his possession. The agreement was that it was not to take effect until lessee paid one hundred pounds, fifty only being then paid. The court from all the facts in the case held that the clear inference was that the instrument should not operate as a lease until full payment, and if there were such an agreement, though no express words of delivery as an escrow were used, it would not operate as a deed until payment was made, and consequently the lessee, although in possession of the premises, was tenant only from year to year, and not tenant under the deed, CAMPBELL, Chief Justice, holding that the formality of delivering the instrument to a third person as an escrow was not essential when it was intended to operate as such. Looking at all the facts the learned judge said it must have been the intention of the parties that the instrument should not operate as a lease till the money was paid, and that neither party intended that the interest in the term should vest till then.

As a result of the examination of the English authorities I think it is clear that the presence of a seal on a writing was not the reason for prohibiting parol evidence of a condition attached to a delivery to a party, but that where parol evidence was disallowed it was on the theory that otherwise it would be contradicting the writing. The rule was overthrown in England by the cases cited, which permit parol evidence that the delivery of a writing, although under seal, may be shown to have been under an agreement that it was not to operate as such until the happening of some future event.

In this state in *Lovett* v. *Adams* (3 Wend. 380) it was said by SAVAGE, Ch. J., that if a bond be signed and put into the hands of the obligee or a third person on the condition that it shall become obligatory upon the performance of some act of the obligee or any other person, the paper signed does not become the bond of the party signing the same until the condition precedent shall be performed. Until then there is no contract. The court held that evidence of such facts should have been admitted. So the presence of a seal was considered no obstacle to parol proof that the writing was delivered to a party to the instrument upon a condition which had not been performed. The rule in this state regarding deeds conveying real estate, or an interest therein, or agreements for the sale thereof, is that a delivery cannot be made to the grantee or other party thereto conditionally or as is said in escrow, and when delivered to a party the delivery operates at once and the condition is unavailable. (*Gilbert* v. *The North American Fire Ins. Co.*, 23 Wend. 43; *Worrall* v. *Munn*, 5 N. Y. 229; *Braman* v. *Bingham*, 26 id. 483; *Wallace* v. *Berdell*, 97 id. 13, 25.)

Whether there is any sound basis for a distinction between cases relating to real estate and other kinds of written instruments, it is not now important to inquire, for the rule that instruments of the former character cannot be conditionally delivered to a party is too firmly established in this state to be overruled or even questioned. In the case in 23d Wend. (*supra*) BRONSON, J., says it is one of the cases in which the law fails to give effect to the honest intention of the parties, for the reason that they have not adopted the proper legal means of accomplishing their object. In *Arnold* v. *Patrick* (6 Pai. 315) the writing involved was a deed of land, and the remark of the chancellor, that the rule applied to any sealed instrument, was beyond the question. He refers as authority for his statement to *Thoroughgood's Case* (9 Coke, 137a), reported in vol. 5, at page 241 of the London ed. of Coke's Reports, 1826.

The writing in that case was a deed conveying lands, but

cases are referred to in the report where bonds were thus delivered, and it was held that no condition could be attached to a delivery to a party. I have already stated, in reviewing the English cases, that the rule was not founded upon the presence of a seal, but because the delivery could not be contradicted by parol evidence of a condition attached thereto. Those old English cases have been passed over and substantially overruled by the English courts, so far as to hold that the delivery even of a sealed instrument to a party could be made conditionally. And the case in 3d Wend. (*supra*) shows that a bond could be delivered conditionally to a party.

In *Cocks* v. *Barker* (49 N. Y. 107) parol evidence was admitted to show that the bond was delivered conditionally, and the trial court found against that fact. In this court it was stated that the evidence was not admissible, because a deed could not be delivered to a party upon condition, citing *Worrall* v. *Munn* and *Gilbert* v. *Ins. Co.* (*supra*). It was not necessary to the decision, and I think the doctrine that a bond could not thus be delivered is not borne out by the cases in this state, and certainly not by the later cases in England already cited.

But a bond imports the existence of a seal, and the latter is requisite to the legal existence of a bond.

The instrument in this case was an ordinary agreement, not requiring a seal for its validity, and we think the rule as to sealed instruments, however far it may be carried in regard to such instruments as require a seal for their validity, should not be extended in any event to those cases where the instrument is in law not in the nature of a specialty, and where the presence of a seal is totally unnecessary to its validity.

I think myself the rule should not extend beyond what seems to be the settled law in this state in regard to deeds or writings conveying or relating to the conveyance of real estate, or some interest therein, but in this case it is not necessary to now go further than to hold the rule inapplicable to an instrument not in any way relating to or affecting real estate, and which does not require a seal for its validity, the

seal being in such case and for this purpose regarded as surplusage, and the instrument should be held to come within the rule laid down in *Reynolds* v. *Robinson* (110 N. Y. 654, already cited).

The other cases cited in plaintiff's brief have been examined. With the exception of *Van Bokkelen* v. *Taylor* (62 N. Y. 105) they hold simply that parol evidence of a contemporaneous parol agreement, outside of and varying the terms of a written contract, is not admissible. We do not hold the contrary, but simply hold the parol evidence of an agreement that the writing should not take effect upon delivery until the happening of some condition is admissible in such a case as this. *Van Bokkelen* v. *Taylor* (*supra*) was a case of a composition release by creditors of a common debtor, and it was held that evidence of a secret condition attached to the execution or delivery of the release by one of the creditors was inadmissible, as such an agreement in regard to a composition release was void in any event. The case does not touch the question here involved.

We have looked through the other exceptions set forth in this record and find none that calls upon us to reverse the judgment, and it should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.