HERMAN W. ORTHEY, as Substituted Trustee under the Will of FREDERICK WESTPHAL, Deceased, Respondent, *v.* ABRAHAM BOGAN et al., Defendants, APPOLONIA BOWDEN, Appellant, and JOSEPH P. CONWAY, as Committee of the Person and Property of GEORGE WESTPHAL et al., Incompetent Persons, Respondent.

Consideration — conveyance — a precedent debt is not a sufficient consideration to support a conveyance as against prior equities — assignment of mortgage to trustee, obtained through fraudulent representations, conveys no title to the mortgage to a substituted trustee.

1. The mere existence of a precedent debt is not a sufficient consideration to support a conveyance as against prior equities. Not even when it is accepted in absolute payment and satisfaction of an antecedent debt.

2. Where the trustees of an estate through false and fraudulent representations obtained an assignment of a mortgage to themselves as trustees, the assignor receiving no consideration therefor, a substituted trustee obtained no valid title to the mortgage although on the accounting of his predecessors the decree set out the assignment of the mortgage and stated that the former trustees represented it as an investment of funds of the trust estate. The substituted trustee took the mortgage subject to all its defects and imperfections and all the equities existing in behalf of the original owner.

3. The accounting by the trustees was not competent evidence that the estate money had been invested by them in the mortgage and that at the time of the assignment to them as trustees they had taken the estate money for such a purpose and was improperly received. Hence the substituted trustee is in no better position as to this mortgage than his predecessors in title who could not foreclose the mortgage, not being holders in good faith and for value.

*Orthey* v. *Bogan*, 177 App. Div. 928, reversed.

(Argued March 20, 1919; decided April 22, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 16, 1917, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term in an action to foreclose a mortgage

on real property, the defense of the mortgagee being that an assignment by her of the mortgage was obtained by fraud and that the plaintiff is not a holder for value.

The facts, so far as material, are stated in the opinion.

*James G. Purdy* and *James M. Kelly* for appellant. The Westphal estate parted with no consideration for the bond and mortgage, and the plaintiff as substituted trustee thereof is not a *bona fide* holder for value, and the trial court erred in so finding. (*Jewett* v. *Palmer*, 7 Johns. Ch. 65; *Weaver* v. *Barden*, 49 N. Y. 297; *Seymour* v. *McKinstry*, 106 N. Y. 239; *Barnard* v. *Gantz*, 140 N. Y. 249; *Lange* v. *Lange*, 172 N. Y. Supp. 846; *A. E. Nat. Bank* v. *Woodlawn Cemetery*, 194 N. Y. 116; *Lahey* v. *Kortright*, 132 N. Y. 458; *Coster* v. *Coster*, 125 App. Div. 516; *Stokes* v. *Amerman*, 55 Hun, 178; *Whitehead* v. *Draper*, 132 App. Div. 799; *Farrar* v. *McCue*, 89 N. Y. 140; *Kennedy* v. *Edwards*, 134 U. S. 117.) The trial court erred in the admission of the account of the proceedings of Scharmann and Bleidner as trustees under the last will and testament of Frederick Westphal. (*Hendrick* v. *Biggar*, 209 N. Y. 440.)

*Lorlys Elton Rogers, Bernard P. Ryan* and *Adolph E. Gutgsell* for plaintiff, respondent. The Westphal estate parted with a valuable consideration and is a *bona fide* holder for value. (*Marden* v. *Dorthy*, 160 N. Y. 50; *Gavegan* v. *Bryant*, 83 Ill. 376.)

*John M. Zurn* for defendant, respondent.

CRANE, J. Appolonia Bowden was induced by her son-in-law, Julius Scharmann, through fraud to make an assignment of the mortgage in question to him. She has no remedy against a *bona fide* holder thereof for value. The question presented by this appeal is whether upon the findings of the trial court which have been unanimously affirmed, the plaintiff appears to be a holder for value.

Prior to August 1, 1905, Appolonia Bowden was the owner of premises at the northwest corner of Bogart and Cook Streets, Brooklyn, New York. She conveyed the same to Abraham Bogan and Isaac Nishman, taking back a purchase-money mortgage dated on that day for $10,000. Without her knowledge or consent her son-in-law, Julius Scharmann, who conducted the transactions, had the mortgage made to himself as a joint mortgagee with her.

Through false and fraudulent representations Julius Scharmann on the second day of April, 1906, obtained from Appolonia Bowden an assignment of this mortgage to himself, Julius Scharmann, and Justus Bleidner, as sole acting trustees under the last will and testament of Frederick Westphal, deceased. The assignor received no consideration whatever for this assignment although Scharmann thereafter, as part of his deception, continued to pay her the interest on the mortgage. The circumstances of the fraud are immaterial, the findings in this particular being conclusive.

By decree of the Surrogate's Court, dated June 12, 1909, Justus Bleidner and Julius Scharmann, as trustees, were permitted to resign, and on November 11, 1909, an order of the Supreme Court was made appointing the plaintiff herein as a trustee in their place and stead.

Thereupon and on the 18th day of November, 1909, for a recited consideration of one dollar ($1.00) said Scharmann and Bleidner assigned Mrs. Bowden's mortgage which they had held up to that time to Herman W. Orthey as substituted trustee. There was some question at the time of the resignation and accounting of the two trustees as to the sufficiency of the security of the Bowden mortgage which appeared as an asset of the estate, and Scharmann, in order to allay any doubts, gave his personal bond guaranteeing the payment.

It has been found by the trial judge that in their accounting the trustees included the mortgage of $10,000

as an asset. The 16th finding in this particular is as follows:

" * * * the said trustees duly presented an account of proceedings, supplementing an account theretofore filed by them, which accounts of proceedings were examined by the plaintiff herein and by beneficiaries of the trusts contained in the will of Frederick Westphal, deceased, and which accounts of proceedings showed and set forth that the acting trustees, Julius Scharmann and Justus Bleidner had on April 2, 1906, invested in the bond and mortgage made by the defendants, Bogan and Nishman, to Appolonia Bowden and the said Julius Scharmann, dated August 1, 1905, and subsequently on April 2, 1906, assigned by the said Appolonia Bowden and Julius Scharmann to the said sole acting trustees of the estate of Frederick Westphal, deceased, the sum of Ten Thousand ($10,000) Dollars, moneys of the estate of Frederick Westphal, deceased * * *."

There is no finding that any money of the trust estate was invested by these trustees in this mortgage. The finding merely is that these trustees represented that such was the case. On the contrary, the trial judge found by further findings of fact numbered 13 and 14 as follows:

" 13. That the signature of the said defendant Bowden to the said instrument was obtained by the said Julius Scharmann with the intent to defraud and deprive the said defendant Bowden of the said bond and mortgage.

" 14. That no consideration was received by the defendant Bowden for the said instrument or for the bond and mortgage referred to therein."

One thing is certain. Up to November 18, 1909, the two trustees, Scharmann and Bleidner, could not have foreclosed the mortgage as against the defendant Bowden. They were not *bona fide* holders for value. No money of the estate had been invested in the mortgage. The finding is specific that Mrs. Bowden did not receive a dollar as consideration for the assignment. One of them

was also guilty of fraud in obtaining the mortgage. Scharmann and Bleidner were not acting as individuals, but took the assignment of the mortgage to themselves as acting trustees for the Westphal estate. What has happened since November 18, 1909, to create a consideration? Nothing has happened except the discharge of these trustees upon an accounting in which they turned over the mortgage as an asset.

The estate at that time paid them no money, it parted with nothing except possibly its right to make them account further. The plaintiff as substituted trustee took over the property of the estate held by his predecessors subject to all its defects and imperfections and all the equities existing in behalf of Mrs. Bowden as against the assignment of this mortgage. If Mrs. Bowden received no consideration for the mortgage when was the $10,000 of the estate moneys invested in it? There is no finding upon the matter. The release of the two trustees by the judicial settlement of their accounts could not act as a valid consideration, as the acceptance of the mortgage for moneys which might be due to the estate from Scharmann and Bleidner would not constitute a valuable consideration, such as bars out prior equities. It is said that Scharmann may have been indebted to the trust estate for moneys withdrawn by himself from the trust funds and that there would be a consideration in whatever manner or at whatever time the $10,000 were paid out of the estate funds. But if, as is quite apparent from these findings, the $10,000 or no part of it went into the mortgage or to Mrs. Bowden, but was used by the trustees for some other purpose, the acceptance in 1911 by this plaintiff as substituted trustee of the mortgage as payment for this indebtedness would not be a consideration for the purposes here intended.

It is generally admitted that the mere existence of a precedent debt is not a sufficient consideration to support a conveyance as against prior equities. Not even when

it is accepted in absolute payment and satisfaction of an antecedent debt. (*Weaver* v. *Barden,* 49 N. Y. 286, 293; *Duncomb* v. *N. Y., H. & N. R. R. Co.,* 84 N. Y. 190; *Ten Eyck* v. *Witbeck,* 135 N. Y. 40; *Howells* v. *Hettrick,* 160 N. Y. 308.)

The mere statement of a consideration without giving the facts, may, for a case like this, be merely a conclusion of law. The findings, however, do not rest with any such conclusion for they fairly state what this consideration was supposed to be, viz., the acceptance by the substituted trustee of the $10,000 mortgage as a valid asset of the estate and the discharge of the accounting trustees from liability for this amount.

As above stated such a payment and discharge for money due from the trustees do not constitute such a valuable consideration as to bar out Mrs. Bowden's equities.

Even if we do not read these findings as I have here stated and adopt the view that there is a sufficient finding of fact that the estate of Westphal invested $10,000 in the Bowden mortgage in 1906, yet the conclusion to which we come must be the same. As above stated, Mrs. Bowden, the assignor, received nothing. The only evidence to sustain a finding that the trustees paid $10,000 for the assignment of this mortgage is the accounting proceeding which was offered in evidence. While we are foreclosed by the unanimous affirmance from examining the record to see whether there is evidence to sustain a finding yet we may pass upon the exceptions taken during the trial. The account of proceedings of Julius Scharmann and Justus Bleidner, as sole qualified trustees, filed October 15, 1908, in the Surrogate's Court, was offered in evidence and received over objection and exception. The objection was to its materiality and relevancy and that it was not in any way binding upon the defendant Bowden.

While the accounting and the surrogate's decree following might have been received for the purpose of showing

that the assignment of this mortgage was held as an asset of the estate and that Scharmann and Bleidner had been allowed for it in the final settlement, it was no evidence that the estate money had been invested by them in the mortgage and that at the time of the Bowden assignment to them as trustees, they had taken the estate money for such a purpose. Mrs. Bowden got no money at the time of the assignment in 1906 and there is no evidence that the estate paid out $10,000 to any one at that time, or at any time until the allowance of this amount to Scharmann and Bleidner on the accounting in 1909. Scharmann, who had defrauded Mrs. Bowden, might just as well have defrauded the estate and have taken this mortgage and given it to the estate to cover up his misdoings. As above stated, such a payment of his personal indebtedness would not constitute consideration. Whether this be so or not, we do not know, but when it appeared that Mrs. Bowden received nothing for the assignment the burden was upon the holder to show that the mortgage had been taken without notice and for value. This was not done except by incompetent evidence.

The account as made up by the trustees contained this recital: " On April 2, 1906, we invested the sum of Ten Thousand Dollars on bond and mortgage covering the improved real property situated on the northwesterly corner of Cook and Bogart Streets, Brooklyn, New York City, which said mortgage was made by Abraham Bogan and Isaac Nishman to Appolonia Bowden and Julius Scharmann, * * * and which was assigned to us by said Appolonia Bowden and Julius Scharmann, by assignment dated April 2, 1906." This was a self-serving declaration, not binding upon Mrs. Bowden, who was not a party to the accounting proceedings; as to her it was mere hearsay. At the time of the trial Scharmann was dead and Bleidner knew nothing about the transaction. Such a written statement unsupported

by other testimony was no evidence of the fact as against strangers to the accounting.

The exception taken was good, it touched a vital point and likewise requires a reversal of the judgment.

It appearing, therefore, that the plaintiff in this case is in no better position as to this mortgage than his predecessors in title and that they could not foreclose the mortgage, not being holders in good faith and for value, this judgment must be reversed and a new trial granted, costs to abide the event.

CHASE, COLLIN and CUDDEBACK, JJ., concur; McLAUGHLIN, J., concurs on ground last stated in opinion; HISCOCK, Ch. J., and HOGAN, J., dissent.

Judgment reversed, etc.