HERMAN W. ORTHEY, as Substituted Trustee under the
Will of FREDERICK WESTPHAL, Deceased, Appellant,
*v.* ABRAHAM BOGAN et al., Defendants, and CHARLOTTE
P. GUNSER, as Executrix of APPOLONIA BOWDEN,
Respondent.

**Principal and agent — foreclosure of mortgage — allegation
that agent induced owner of mortgage to assign and deliver
it to him as the trustee of an estate and that no consideration
was received by the assignor — when evidence insufficient to
show that the estate participated in the fraud if any existed —
if consideration was paid to and appropriated by agent for his
own use, loss must be borne by the assignor not by the
estate — presumption that consideration was paid arising from
unexplained receipt thereof contained in assignment — seal.**

1. Where the owner of a mortgage authorized her business agent,
who was also the trustee of an estate, to sell and transfer the mortgage
to the estate and he in his capacity as agent delivered an assign-
ment executed by the owner to himself as trustee and failed to pay
over the consideration for the transfer, in the absence of other proof

whether or not the consideration was paid by the estate, the loss must fall upon the assignor and not upon the estate, where the assignment recites the payment of a consideration, which is evidence tending to show that the face value of the bond and mortgage was paid by the estate. It may be inferred that the agent had no authority to deliver the assignment except for cash and no presumption arises, in the absence of evidence, that he exceeded his authority.

2. The fact that the assignment of such mortgage was duly executed under seal is not " conclusive evidence " of the payment of a sufficient consideration. Notwithstanding the presence of a seal, the inference is permissible, if not conclusive, that the agent had no authority from his principal to deliver the assignment except upon payment of the full consideration in cash. If the agent, acting also as trustee for the estate, accepted the assignment without receiving payment from the estate, he had notice in the act of acceptance of his own defect of power and the presence of the seal would not alter the relations of the parties so as to permit him effectively to transfer title in fraud of his principal. It is not the seal but the unexplained receipt which furnishes the necessary evidence that a full consideration was paid.

*Orthey* v. *Bogan*, 202 App. Div. 810, reversed.

(Argued July 11, 1923; decided July 13, 1923.)

APPEAL from a judgment, entered January 5, 1923, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, directing a dismissal of the complaint upon the merits and directing judgment in favor of appellant's testatrix upon her counterclaim.

*Bernard P. Ryan* and *Adolph E. Gutgsell* for appellant. The instrument is under seal and recites in its body that it is a sealed instrument. This is conclusive evidence of consideration. (*Stiebel* v. *Grosberg*, 202 N. Y. 266; *Finch* v. *Simon*, 61 App. Div. 139; *Hull* v. *Hull*, 172 App. Div. 287; 225 N. Y. 342.) Not only are the findings unsupported by the evidence, but they are contrary to the evidence, and as a matter of law defendant Bowden is not entitled to recover. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30; *Marden* v. *Dorthy*,

160 N. Y. 39; *Birkett* v. *Postal Telegraph Cable Co.*, 107 App. Div. 115; 186 N. Y. 591; *Wilmerding* v. *Postal Telegraph Cable Co.*, 118 App. Div. 685; 192 N. Y. 580; *Gill* v. *Jamaica Bay Mfg. Co.*, 171 App. Div. 165; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 195; *People* v. *Bank of North America*, 75 N. Y. 547; *Cox* v. *Albany Brewing Co.*, 56 Hun, 489; *Gavegan* v. *Bryant*, 83 Ill. 376; *Mackenzie* v. *Seaboard Nat. Bank*, 184 App. Div. 3.)

*James G. Purdy* and *James M. Kelly* for respondent. The Appellate Division was justified in finding the mortgage in suit had been obtained from the respondent's testatrix, Mrs. Bowden, by fraud on the part of her son-in-law and trustee of the Westphal estate, Julius Scharmann. (*Foley* v. *City of Troy*, 50 Hun, 604; *Hart* v. *Thompson*, 39 App. Div. 668; *Union Nat. Bank* v. *Leary*, 95 App. Div. 381; *McBride* v. *N. Y. Tunnel Co.*, 133 App. Div. 821; *Fehn* v. *Rosenblum*, 123 N. Y. Supp. 917; *Hennessy* v. *Patterson*, 32 Hun, 145; *Stegman* v. *Hollingsworth*, 6 App. Div. 609; *Hartley* v. *Murtha*, 36 App. Div. 196; *Cunningham* v. *Gans*, 79 Hun, 434; *Lomer* v. *Meeker*, 25 N. Y. 361.) Confidential relations existing between Mrs. Bowden and her son-in-law, the trustee of the Westphal estate, proof thereof by the respondent was proof of fraud and the burden thereafter was upon the estate, the appellant here, to prove that the transaction whereby it obtained the bond and mortgage aforesaid, was fair to and understood by the respondent's testatrix. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Cowee* v. *Cornell*, 75 N. Y. 91; *Matter of Smith*, 95 N. Y. 516; *Green* v. *Roworth*, 113 N. Y. 462; *Bernard* v. *Gantz*, 140 N. Y. 249; *Boyd* v. *De La Montague*, 73 N. Y. 498; *McClellan* v. *Grant*, 83 App. Div. 602; *Babcock* v. *Clark*, 79 App. Div. 507; *Smith* v. *Firth*, 53 App. Div. 372; *Allen* v. *LaVaud*, 213 N. Y. 322; *Ford* v. *Gale*, 155 App.

23

Div. 679.) The existence of the seal on the assignment of mortgage does not aid the appellant and there is no evidence as to when it was affixed. (*Lagunis* v. *Gerard*, 190 N. Y. 207; *Harrison* v. *Shorall*, 230 N. Y. 343.) The Westphal estate parted with no consideration for the bond and mortgage and, therefore, is not a *bona fide* holder for value and the trial court erred in so finding. (*Gifford* v. *Patterson*, 222 N. Y. 4; *Orthey* v. *Bogan*, 226 N. Y. 234.)

POUND, J. This is an action to foreclose a mortgage given to secure the payment of a bond for $10,000, on property in Brooklyn. The question is whether the mortgage is the property of the plaintiff or the defendant Gunser, as executrix, etc., of Appolonia Bowden, deceased.

A judgment in favor of the plaintiff was reversed by this court and a new trial ordered for error in receiving evidence tending to show that the Westphal estate had paid full value for the mortgage. (226 N. Y. 234.)

On the new trial the court again found in favor of plaintiff. The Appellate Division reversed " upon the law and the facts," made new findings and granted judgment of foreclosure and sale in favor of Mrs. Bowden on her counterclaim.

The mortgage in suit had been the property of Mrs. Bowden. She had, under date of April 2, 1906, executed an assignment thereof under seal, formally acknowledged, reciting a consideration of $10,000, " the receipt whereof is hereby acknowledged," to the then trustees of the Westphal estate. It is contended that her son-in-law and business representative, Julius Scharmann, one of such trustees, and the sole trustee who took an active part in the administration of the trust, defrauded her by inducing her to execute the assignment without consideration. The theory of respondent is that he obtained such assignment to cover up his own defalcations from the estate and that the estate never parted with any sum in consideration

1923.]                Opinion, per POUND, J.          [236 N. Y. 351]

therefor, but this theory rests on surmise and not on evidence.

At the time of the trial Scharmann was dead. Mrs. Bowden was not permitted to testify as to personal transactions with him. She has since died. The evidence of fraud and lack of consideration is meager. It consists of the evidence of Catherine Kemph, sister of Mrs. Bowden. She says Mrs. Bowden authorized Scharmann to sell the mortgage; that she executed a paper which turns out to have been the assignment; that nothing was paid at the time. This evidence does not justify a finding of fraud in the execution of the assignment of the mortgage, or that it was made without consideration or that the estate did not part with full value therefor. Mrs. Bowden intended to sell her mortgage and signed the paper for that purpose. She knew perfectly what she was signing the paper for. She expected her agent Scharmann to sell the mortgage and invest the proceeds so she would have " half a cent more " interest on her investment. She would not expect to receive payment until after Scharmann had collected it and he would not in the ordinary course of business receive the money until he had delivered the assignment. The fraud was not in securing the signature of Mrs. Bowden to the assignment. It existed, if at all, in the guilty purpose of Scharmann to cheat his mother-in-law out of the proceeds to which she was entitled.

But more than such fraudulent purpose must be shown to defeat the title of the Westphal estate. It must appear that it participated in the fraud and secured the assignment without sufficient consideration; that it and not Scharmann robbed Mrs. Bowden.

Mrs. Bowden clothed Scharmann with the *indicia* of title. She vested him with the apparent authority to transfer the mortgage to the Westphal estate by delivering the assignment to its representatives. If he, in his capacity as agent, delivered the assignment to himself as

trustee and collected and converted the consideration, the loss must fall upon Mrs. Bowden and not upon the estate.

The assignment recites the payment of a consideration of $10,000 which is evidence tending to show that the face value of the bond and mortgage was paid by the estate. It may be inferred that Scharmann had no authority to deliver the assignment except for cash. No presumption arises, in the absence of evidence, that he exceeded his authority. Mrs. Bowden has failed to overcome, by evidence that such payment was not made, the effect of this recital of payment.

The assignment is an executed instrument under seal and it is urged that the seal is " conclusive evidence " of the payment of a sufficient consideration. The rule is much too broadly stated and has no relation to the facts before us. Notwithstanding the presence of the seal, the inference is permissible, if not conclusive, that the agent had no authority from his principal to deliver the assignment except upon payment of the full consideration in cash. (*Stiebel* v. *Grosberg*, 202 N. Y. 266, 273.) If the agent Scharmann, acting also as trustee for the Westphal estate, accepted the assignment without receiving payment from the estate, he had notice in the act of acceptance of his own defect of power (*Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394, 407), and the presence of the seal would not alter the relations of the parties so as to permit him effectively to transfer title in fraud of his principal. It is not the seal but the unexplained receipt which furnishes the necessary evidence that a full consideration was paid.

Discussion of the conclusive effect of the seal on an executed instrument which does not require the presence of a seal for its validity, as bearing on the question of consideration, may properly be reserved for a case where it is essential to the decision. (*Blewitt* v. *Boorum*, 142 N. Y. 357; *Shorall* v. *Harris*, 230 N. Y. 343, 348; Corbin's Anson on Contracts, p. 84, and notes.)

The findings of the Appellate Division were without evidence to support them and reversal on the facts was improper. (*Waddle* v. *Cabana,* 220 N. Y. 18.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.