## WILSON et al. v. BAJARDI.

(Circuit Court of Appeals, Second Circuit.
March 1, 1926.)

No. 224.

**1. Fraudulent conveyances ⬤⟿57(1).**

Transfer of realty while insolvent, without legally valid consideration, is presumptively fraudulent, under New York law.

**2. Fraudulent conveyances ⬤⟿86—Housekeeping services of sister held insufficient alone to raise implied promise to pay, constituting sufficient consideration for conveyance of realty.**

Sister's keeping house for her brothers for many years, during which she received her own support, *held* insufficient alone to raise implied promise to pay, or obligation constituting a legally sufficient consideration for conveyance or mortgage of realty.

**3. Fraudulent conveyances ⬤⟿86.**

Even at common law, mere existence of precedent debt was not sufficient consideration to support conveyance against prior equities, in absence of promise.

**4. Fraudulent conveyances ⬤⟿300(4)—Promise to give mortgages in consideration of housekeeping services held insufficiently established to validate conveyance made without other consideration, after insolvency.**

Sister's testimony *held* insufficient to establish brother's promise to "give" her certain mortgages in consideration of housekeeping services, validating conveyance or mortgage subsequently made without other consideration, when brother was hopelessly insolvent.

Appeal from the District Court of the United States for the Southern District of New York.

Action by E. Bright Wilson and another, trustees in bankruptcy of Vincenzo Bajardi and others, individually and as partners trading as V. Bajardi & Co., against Domenica Bajardi. Decree for defendant, and plaintiffs appeal. Reversed and remanded, with directions.

Defendant is the sister of Vincenzo Bajardi and his brothers, against whom individually and as partners bankruptcy proceedings began October 3, 1924; adjudication following in January, 1925. On January 2, 1924, the mortgage which causes this appeal was executed by the mortgagor direct to defendant, who paid no money for it, and is not shown contemporaneously to have known anything about it. Defendant was made mortgagee by direction of Vincenzo Bajardi, to whom the mortgage would ordinarily have been made. Nearly three months later the document was recorded; for this delay no reason is given.

At the times of execution and recording of this mortgage, the firm of V. Bajardi & Co. is proven insolvent; there is no proof of the individual insolvency of Vincenzo, the senior partner, who, as shown above, in common phrase "gave" this mortgage to his sister. He was, however, *indebted* at the times in question, because he owed whatever his insolvent firm owed. The trustees demand the conveyance to them by Domenica of this mortgage, and the answer asserts that "the transfer" complained of was made "to the defendant in consideration of services theretofore rendered by said defendant, and subsequently rendered by her to" her brother Vincenzo.

Testimony on this point was: Vincenzo is a bachelor, upwards of 60 years old, Domenica is unmarried, and has always lived with her brother or (apparently) brothers, for whom she kept house; i. e., in her own words, "I done everything except their wash; lately, since the wet wash came out, I was giving the clothes to them." This system of living had lasted 19 years when bankruptcy happened, and Vincenzo had during that period paid the "living expenses, clothing, food, medical attendance, etc.," of Domenica.

She testified that about 5 years before the creation of this mortgage her brother "had this house" (apparently the house covered by the mortgage), and "when * * * I never asked for any salary or any money for doing the services of keeping house for them (the brothers), he (Vincenzo) always promised me, as soon as he sold this house, he would turn *these mortgages* over to me as a gift for the services I have been giving to my brothers."

This is the entire evidence as to consideration. Vincenzo testified, but not about the transfer to his sister, a subject on which he was not interrogated. Domenica's reference to a plurality of mortgages is apparently a reference to the fact that the trustees sued to set aside two conveyances, on wholly different premises. This appeal, however, relates to one only.

The court below dismissed the bill. The trustee appealed.

David W. Kahn, of New York City, for appellants.

Shaine & Weinrib, of New York City (George C. Lewis, of Lockport, N. Y., on the brief), for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The mortgage in question was executed, and indeed recorded, more than four months before petition filed; wherefore the case raises questions under the law of New York only. The bankruptcy merely confers a title on plaintiffs. The transfer by her brother Vincenzo to the defendant, if without a consideration legally valid, was made at a time when he was indebted, and is therefore presumptively fraudulent. GaNun v. Palmer, 111 N. E. 223, 216 N. Y. 603.

[2] No consideration can be found in the mere fact that defendant had kept house for many years for her brothers, during which time she had been supported by Vincenzo. The rule is that in such labors the law finds no implication of a promise to pay, for (as was said in a case singularly like this) "the services rendered in such cases are mutual, and it may be often difficult to decide upon which party the principal benefit is conferred." Updike v. Titus, 13 N. J. Eq. 151.

[3] Let it be admitted that at common law a pre-existing indebtedness is a consideration sufficient to uphold a conveyance (Lehrenkrauss v. Bonnell, 92 N. E. 637, 199 N. Y. 240), even though the *mere* existence of a precedent debt is not a sufficient consideration to support a conveyance as against prior equities (Orthey v. Bogan, 123 N. E. 487, 226 N. Y. 234, at page 239, and cases cited), there must still be a promise on legal consideration.

[4] By the testimony of defendant there was no indebtedness at the time the promise was

made, although she had at that time kept house for her brothers for about 14 years. This follows from the fact that, by her own statement, she had never asked for pay, and the mere fact of doing the work raised no presumption of a promise to pay for it. The question comes to this: Defendant says Vincenzo made a promise, after which defendant worked 5 years in reliance on that promise. Does this amount to a consideration sufficient to support the transfer?

Putting the matter in another way, it is urged that the consideration for this conveyance was 5 years' housekeeping in reliance upon a promise to "give" defendant some mortgages when her brother sold a certain house. We shall assume, but not decide, that if the promise was made; and the mortgages given constituted a reasonable fulfillment of promise, a consideration would exist for the conveyance when made.

The lower court has not by opinion informed us of the exact ground on which defendant's ownership of this mortgage was upheld. We therefore feel compelled to examine and appraise the evidence by which decision must be made. It is found that as a payment, reward, or "gift" for 5 years' housekeeping the defendant, without ever asking for any specific sum, and without any agreement upon any specific sum, was made the record owner of mortgages aggregating about $24,000, and, so far as shown, worth that sum, and that these transfers were completed at a time when the business affairs of Vincenzo Bajardi were desperate; his firm being grossly insolvent.

We note, also, that when plaintiffs attacked the transaction, it was supported by nothing but the unsupported recollection and assertion of the most interested person, whose intelligence and education may be appraised by reading the foregoing quotations from her evidence. Further, her story received no support from the man said to have made the promise. The circumstances fit all too closely a typical effort to save for the family something from the family shipwreck.

We are forced to hold that the story of a promise cannot be believed. Doubtless defendant did the work as related; doubtless, also, she received support according to her habit of life; but the alleged promise to give her an uncertain sum at an indefinite time cannot in our judgment be accorded credence, and for this reason the decree below is reversed, and the cause remanded, with directions to grant the relief prayed for in the bill.