## In re ALGONQUIN ELECTRIC CO., Inc.

District Court, S. D. New York. October 30, 1929.

C. W. H. Arnold and Richard H. Arnold, both of Poughkeepsie, N. Y., for petitioner.

Tolbert, Ewen & Patterson, John Ewen, and C. S. Bostwick, all of New York City, for trustees.

GODDARD, District Judge. Section 231 of the Lien Law (Consol. Laws, c. 33) creates an exception to the general rule requiring the filing of chattel mortgages. Under legislation passed in 1868 (Laws 1868, c. 779) affecting railroads, and in 1891 (Laws 1891, c. 171) affecting telegraph, electric light, and telephone companies, they were relieved from filing as a chattel mortgage any mortgage creating a lien on real or personal property where such mortgage had been recorded as a mortgage on real estate in each county through which the railroad, telegraph, electric light, or telephone line ran.

Section 231 of the Lien Law was adopted later, and this section relieves all corporations from filing such a mortgage if it be recorded as a mortgage in each county where the property is located or the lines run where the mortgage creates a lien upon real and personal property and is executed as security for the payment of bond.

An examination of the history of section 231 seems to indicate a clear intention by the Legislature to broaden the provisions so as to include a mortgage executed by any corporation, but to limit its scope to mortgages given to secure bonds only.

It is conceded that the mortgage has never been filed as a chattel mortgage in accordance with sections 230 and 232 of the New York Lien Law, but it is contended by the petition-

er that the instruments in question should be regarded as bonds, and that therefore they came within the exemption of section 231 of the Lien Law, and it was therefore unnecessary to file the mortgage.

The trustees urge that the mortgage was given to secure promissory notes and not bonds, and that this section has no application, and therefore that the mortgage purporting to cover personal property is invalid because of the failure to comply with the statutes requiring such a mortgage to be filed as a chattel mortgage.

The form of the instrument is as follows:

"No.4

"Poughkeepsie, N. Y. May 15, 1925.

"$1,000.00

"One year after date we promise to pay the bearer One Thousand Dollars at the Poughkeepsie Trust Company, with interest at Six per cent, payable in equal, quarterly payments on August 15th, November 15th, February 15th and on the maturity of this note, and installments of principal of this note of at least 20% shall become F. M. due on the first day of January, 1926, and monthly thereafter, and failure to pay such interest or such installment shall make this note due forthwith; all interest and installments shall be payable when due at the Poughkeepsie Trust Company, and presentation of this note for endorsement of such payment shall entitle the holder to such payment.

"This note is one of a series of notes aggregating $50,000 all equally secured by a mortgage of like amount, upon the company's property.

"Algonquin Electric Manufacturing Corporation

"By F. M. Nichols, Treasurer.

"This note is one of the authorized notes under a mortgage of $50,000 made to us as trustee to equally secure all of such notes.

"Poughkeepsie Trust Company

"By S. G. Guernsey    [Seal]

"Dated May 15, 1925."

Stamped on face is:

"Protested May 17, 1926.

"Otis D. Neal, Notary Public."

The above, I think, is quite the usual form for a promissory note and cannot be interpreted as a "bond" so as to bring it within the exemption provided for in section 231.

It also appears that the obligations secured by this mortgage are referred to in the mortgage itself as a "note" payable to holder.

The instruments themselves recite, "This note is one of a series of notes. * * *" The petitioner, the Poughkeepsie Trust Company, itself has subscribed on the bottom of each instrument a statement that, "This note is one of the authorized notes. * * *" They are not under seal which the federal courts, New York state courts, and the text-book writers have regarded as a vital requisite of a bond. Rondot v. Rogers (C. C. A.) 99 F. 202, 209; Koshkonong v. Burton, 104 U. S. 668, 26 L. Ed. 886; Tiffany v. Lord, 65 N. Y. 310, 312; Blewitt v. Boorum, 142 N. Y. 357, 364, 37 N. E. 119, 40 Am. St. Rep. 600; Jones on Corporate Bonds (3d Ed.) § 170.

Notwithstanding the New York Negotiable Instruments Law (Consol. Laws, c. 38) provides in effect that a bond payable to bearer or order is a negotiable instrument and may in some instances be equivalent to a promissory note, a promissory note is not a bond.

The mortgagee has acquired no lien on the personal property superior to that of other creditors.

In my judgment the order of the referee was right, and accordingly it is affirmed.