## SAMUEL J. STIEBEL et al., Respondents, *v.* JOHN GROSBERG, Appellant.

Release — construction and effect of general release of indebtedness under seal — when oral evidence may be given to show whether delivery thereof was absolute or conditional — when pleading insufficient to authorize admission of such evidence.

1. Neither a receipt nor a release is a contract or an executory instrument; they are merely declarations or admissions in writing, and hence the modification of the statute (Code Civ. Pro. § 840) with reference to seals upon executory instruments, by which they are made only presumptive evidence of a sufficient consideration, does not extend to releases, which, when under seal, continue to be conclusive evidence of a sufficient consideration. It, therefore, follows that liquidated and undisputed claims or accounts can be discharged by payment, or by the creditor executing a release under seal, by which he precludes himself from attacking the consideration for the release.

2. The act of executing releases is separate and distinct from acts of delivery. The delivery has to be shown independent of the instrument; and while parol evidence is incompetent for the purpose of changing or explaining the meaning of the written instrument, oral evidence may be given for the purpose of showing whether the delivery of the instrument was intended to be absolute or conditional.

3. In an action on a note defendant interposed as a defense a release under seal made by plaintiffs. In a reply served by order of the court, plaintiffs alleged that the release was given or intrusted to the defendant with the understanding that it was not to have a legal inception or effect as a release, or as a delivery, and was to be returned upon demand. The point having been clearly raised by the defendant on the trial, *held*, that the reply was not sufficient to authorize the admission of oral evidence to the effect that the release was delivered conditionally to become operative in case the defendant should be forced into bankruptcy; and in case he was not adjudged a bankrupt, that the release should be returned to the plaintiffs.

*Stiebel* v. *Grosberg*, 137 App. Div. 275, reversed.

(Argued May 10, 1911; decided May 30, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 16, 1910, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Solomon Hanford* for appellant. A sealed deed of release has none of the qualities of a contract. (1 Parsons on Cont. 6; *Torrey* v. *Black,* 58 N. Y. 185.) An instrument without consideration purporting to release a claim and which is not under seal is void. (*Harrison* v. *Close,* 2 Johns. 450; *Crawford* v. *Millspaugh,* 13 Johns. 87; *Stearns* v. *Tappin,* 5 Duer, 294; *Irvine* v. *Wood,* 15 Abb. Pr. [N. S.] 378; *Dambman* v. *Schulting,* 75 N. Y. 55; *Leask* v. *Horton,* 39 Misc. Rep. 144.) A technical release, *i. e.,* a sealed deed, releasing a party from some claim is the "extinguisher" of the claim to which it refers as well as the evidence of the extinguishment; its execution, *i. e.,* signing, sealing and delivery, operates, *per se,* as an extinguishment of the claim. (*M'Crea* v. *Purmort,* 16 Wend. 474; *Stearns* v. *Tappin,* 5 Duer, 294.) The admission of testimony as to a conversation between the plaintiff Homan and defendant prior to the signing, sealing and delivery to the defendant of the general release was erroneous, and defendant's exception to the court's ruling was well taken. (*Pierson* v. *Hooker,* 3 Johns. 68; *Kirschner* v. *N. H., etc., Co.,* 135 N. Y. 182; *M'Crea* v. *Purmort,* 16 Wend. 460; *Coon* v. *Knapp,* 8 N. Y. 402; *Stearns* v. *Tappin,* 5 Duer, 294; *Van Bokkelin* v. *Taylor,* 62 N. Y. 105; *Wilson* v. *Deen,* 74 N. Y. 531; *Moore* v. *Winans,* 23 App. Div. 308; *Hamlin* v. *Hamlin,* 192 N. Y. 164.)

*Barnett L. Hollander* and *Edgar J. Bernheimer* for respondents. A release is a contract and need not be under seal. (24 Am. & Eng. Ency. of Law [2d ed.], 283, 287, 314, 315.) There can be manual transition of a

release without legal delivery. (*Blewitt* v. *Boorum,* 142 N. Y. 357; *Spencer* v. *Huntington,* 100 App. Div. 463; *Gilroy* v. *Everson-Hickok Co.,* 118 App. Div. 733; *Baird* v. *Baird,* 145 N. Y. 659.) A release may be delivered upon parol condition. (*Reynolds* v. *Robinson,* 110 N. Y. 654; *Davison* v. *Tams,* 30 Misc. Rep. 156; *Gibbons* v. *Vouillon,* 8 C. B. 483; *Sterling* v. *Chapin,* 185 N. Y. 395.)

HAIGHT, J. This action was brought to recover the amount of a promissory note executed by the defendant on the 31st day of December, 1906, in which he promised to pay to the plaintiffs on demand the sum of $37,372.87, with interest. The defense interposed by the defendant was a written release, signed, sealed and delivered by the plaintiffs to him on the 31st day of December, 1907. A reply was served by the direction of the court, in which the plaintiffs alleged that the release was given or intrusted to the defendant with the understanding that it was not to have a legal inception or effect as a release, or as a delivery, and was to be returned upon demand. There was no allegation in the reply to the effect that the release was delivered conditionally to become operative in case the defendant should be forced into bankruptcy; and in case he was not adjudged a bankrupt, that the release should be returned to the plaintiffs.

Upon the trial of the case after the jury had been impaneled, the counsel for the defendant moved the court for judgment on the pleadings, thus bringing up for the determination of the court the question as to whether the reply contained any allegations that would nullify the release. The court denied the defendant's motion and an exception was taken. Thereupon the plaintiffs' counsel opened his case to the jury, stating what he proposed to prove relating to the release, and then the defendant's counsel again moved for judgment upon the opening, which motion was also denied and exception taken. Thereupon one of the plaintiffs was sworn as a

witness and gave testimony under the objection and
exception of the defendant, to the effect that the defend-
ant had applied to him for a release, stating, in sub-
stance, that he had been sick and had lost all that he had;
that one of his creditors had commenced action against
him; that he could not pay and would be compelled to go
into bankruptcy unless he could stave it off; that he con-
sidered the plaintiffs' claim a debt of honor which he
would pay when he was able to do so; that he wanted
a release which he would only use provided he was forced
into bankruptcy; if he did not have to go through bank-
ruptcy, he would return it.   The plaintiffs then called the
defendant as a witness and showed from him that he had
not been forced into bankruptcy and then rested.   The
defendant offered no testimony in his own behalf, but
moved for a direction of a verdict in his favor, "on the
ground that the release is conclusive upon the parties,
being a deed executed by the plaintiffs and now shown
to have been duly delivered.   It was turned over as a
valid instrument at the time it was delivered and could
not be accompanied by any condition resting in parol,
and it was not pleaded in the reply that there was any
parol condition in regard to the delivery."   The motion
of the defendant was denied and exception taken, and a
verdict was directed in favor of the plaintiffs for the
amount of the note, with interest, to which an exception
was also taken.

The questions thus presented are:

*First.* Can a written release under seal be shown to
have been delivered conditionally upon the happening of
an event in the future upon an oral agreement that it
should be returned in case the event did not happen.

*Second.* Was the conditional delivery properly pleaded
in plaintiffs' reply.

At common law the seal to a written instrument was
conclusive evidence of a sufficient consideration, and its
conclusive character could not be changed by parol tes-

timony. This rule of the common law, however, was modified by the statute (2 R. S. 406, § 77) which is now embraced in our Code of Civil Procedure, section 840, which provides that a seal upon an executory instrument, hereafter executed, is only presumptive evidence of a sufficient consideration, which may be rebutted, as if the instrument was not sealed. Neither a receipt nor a release is a contract or an executory instrument. They are merely declarations or admissions in writing, and consequently it was held that the modification of the statute with reference to seals upon executory instruments does not extend to releases, which, when under seal, continue to be conclusive evidence of a sufficient consideration. (*Gray* v. *Barton*, 55 N. Y. 68–71; *Ryan* v. *Ward*, 48 N. Y. 204–208.)

For upwards of a century, or from the case of *Fitch* v. *Sutton* (5 East. Rep. 230) down to the cases above cited, it has been repeatedly held that the giving of a receipt in full payment by a creditor of an undisputed account or claim does not conclude him from recovering the balance, although the receipt was given with knowledge and there was no error or fraud. The reason for so holding was that the receipt, not being under seal, was not conclusive upon the question of consideration; and upon it appearing that there was no consideration for the receipt, it became of no binding force. Of course this rule has no application to claims or accounts, which are in dispute, in which the parties agree upon a compromise, or where a receipt is given for unliquidated demands. (*Coon* v. *Knap*, 8 N. Y. 402; *Kellogg* v. *Richards*, 14 Wend. 116.) It, therefore, follows that liquidated and undisputed claims or accounts can be discharged by payment, or by the creditor executing a release under seal, by which he precludes himself from attacking the consideration for the release. A release, however, must be delivered in order to become effective. The delivery is a separate, independent act from that of executing it. The

same is true with reference to a deed of real estate. It has to be delivered in order to pass title and the right of possession of lands. The effect of a delivery of a deed cannot be changed by parol testimony. (*Hamlin* v. *Hamlin*, 192 N. Y. 164.) The reason for this rule is that the title and right of possession passes to the grantee upon delivery, and no person would be secure in his title and possession of real estate if it could be destroyed by oral testimony. The appellant claims that the same rule should apply to the delivery of a release; that the effect of such a delivery cannot be subsequently changed by parol testimony. Our attention has not been called to any case in this court in which this precise question has been decided.

In the case of *Reynolds* v. *Robinson* (110 N. Y. 654) a question arose upon a finding of a contract for the purchase and sale of lumber on credit, accompanied by an oral understanding of the parties that the delivery should be contingent upon satisfactory reports of commercial agencies as to the pecuniary responsibility of the plaintiff. In that case we have a writing which is, in form, a complete contract which has been delivered upon a parol condition that it was not to become binding until the happening of a future event that had not occurred, and it was held that the condition might be proven by parol.

In the case of *Blewitt* v. *Boorum* (142 N. Y. 357) the action was brought to obtain an accounting, and for damages by reason of the violation of a contract, under seal, entered into between the parties in relation to the right to manufacture and sell a temporary binder for books. The defendants admitted the execution of the contract, but alleged that it had been delivered upon the parol condition that it was not to operate as a contract until the plaintiff had acquired the interest of a third person, which it is alleged he failed to acquire. Upon the trial oral evidence showing the condition and failure to perform was received, and the court found the facts accordingly. The question brought up for review was as to the

competency of such evidence, and it was held that the contract was not required to be under seal, and that the evidence was competent.    PECKHAM, J., in delivering the opinion of the court, referred to a number of cases in which oral testimony had been permitted with reference to conditional deliveries, and then referred to the case of *Cocks* v. *Barker* (49 N. Y. 107), in which parol evidence had been permitted to show that a bond was delivered conditionally; but the court had found against the existence of the condition.    ALLEN, J., in commenting upon that case, held that the evidence was not admissible, because a deed could not be delivered to a party upon such a condition, citing *Worrall* v. *Munn* (5 N. Y. 229) and *Gilbert* v. *No. Am. Fire Insurance Co.* (23 Wend. 43).    This opinion was criticised by Judge PECKHAM, holding that in view of the fact that the trial court had found against the conditional delivery, the comments of ALLEN, J., were not necessary to the decision, and then he says, "I think the doctrine that a bond could not thus be delivered is not borne out by the cases in this state, and certainly not by the later cases in England already cited.". (p. 364.)  He then proceeds to distinguish that case from the one under consideration by saying: "But a bond imports the existence of a seal, and the latter is requisite to the legal existence of a bond.    The instrument in this case was an ordinary agreement, not requiring a seal for its validity, and we think the rule as to sealed instruments, however far it may be carried in regard to such instruments as require a seal for their validity, should not be extended in any event to those cases where the instrument is in law not in the nature of a specialty, and where the presence of a seal is totally unnecessary to its validity." (p.364.)  He consequently holds that the rule which applies to deeds or writings conveying or relating to the conveyance of real estate or an interest therein, is not applicable to an instrument not in any way relating to or affecting real estate, and which does

not require a seal for its validity, although the instrument is in fact sealed. We thus have the dictum of Judge ALLEN in the case of *Cocks* v. *Barker*, holding that a conditional delivery of a bond cannot be shown by parol, it being an instrument under seal, and the dictum of Judge PECKHAM in *Blewitt* v. *Boorum*, to the contrary; and in each case the rest of the court concurred in the views expressed in the opinion.

Attention has been called to the common-law effect of a seal, and to the fact that the rule has not been changed by statute so far as releases are concerned. A release or receipt, however, is perfectly good without a seal, provided the holder can show that full payment has been made therefor. The seal is only necessary when the payment of adequate consideration is questioned. With a delivery of a deed of real estate the rights of parties change. The grantor parts with his title and possession, and the grantee is vested with title and the right to immediate possession. In the acknowledgment of the payment of a claim or the delivering of a release therefrom, the change that takes place between the parties is entirely different. If the release be delivered without consideration, the maker receives nothing and only parts with his right to prosecute the claim. The person receiving the release receives no additional property right, but merely is relieved from a claim that might be prosecuted against him. The reasons, therefore, which exist with reference to the delivery of deeds of real estate do not exist with reference to the delivery of releases. The act of executing releases is separate and distinct from acts of delivery. The delivery has to be shown independent of the instrument; and while parol evidence is incompetent for the purpose of changing or explaining the meaning of the written instrument, we incline to the view that oral evidence may be given for the purpose of showing whether the delivery of the instrument was intended to be absolute or conditional.

18

With reference to the second question brought up for review, it appears, as we have seen, that the plaintiffs' reply did not specifically allege that the release was delivered conditionally and was to be returned in case the defendant was not forced into bankruptcy. Of course parties may make their own pleadings by their conduct' on the trial. The plaintiff may produce evidence which, if received without objection, may sustain his right to recover even though it was not covered by any allegation of the complaint. But we think the condition in this case was different. Immediately upon the impaneling of a jury the defendant moved for judgment upon the pleadings. In this motion the court had its attention drawn to the sufficiency of the allegations of the reply. Again, after the plaintiffs had opened their case, making the statement as to what they intended to prove, a motion was again made for judgment upon the opening. Here the court had its attention called to the sufficiency of the pleadings with a knowledge of the evidence that the plaintiffs proposed to submit. The evidence was then taken, under the objection of the defendant's counsel, that it was incompetent, irrelevant and immaterial; and, specifically, that it was incompetent as seeking to contradict a formal deed which cannot be done by parol; and after the receipt of the evidence a motion was again made to strike it out upon the same ground. And finally the defendant moved for judgment upon various grounds, among which was the ground that it was not pleaded in the reply that there was any parol condition in regard to the delivery. All of these motions were denied and exceptions taken.

We think that the reply was defective in the particular mentioned, and that consequently the court erred in its rulings with reference thereto. It follows that for this reason the judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur; CHASE, J., absent.

Judgment reversed, etc.