# THE

# MISCELLANEOUS REPORTS

OF THE

# STATE OF NEW YORK.

## COMMENCING DECEMBER, 1916.

---

WILLIAM J. HUSKISSON, Plaintiff, v. ALBERT C. LIPP
and FRED SCHUDT, Defendants.

(Supreme Court, Erie Equity Term, December, 1916.)

Evidence — covenant under seal may not be varied by parol.

> Parol evidence is inadmissible to show that a restrictive cove-
> nant under seal not to rent or use certain premises as a restau-
> rant, given by defendants to induce the purchase of an adjoin-
> ing restaurant business by plaintiff, was executed upon the
> added consideration of plaintiff's oral agreement that he would
> purchase from defendants all groceries needed by him in his
> said restaurant business.

ACTION to restrain the violation of a restrictive
covenant.

McGregor & Stone, for plaintiff.

Godfrey M. Frohe, for defendants.

BROWN, J. Andrew J. Lipp, being the owner of a
restaurant business at 1677 Broadway, Buffalo, en-
tered into a written agreement with the plaintiff
whereby he agreed to sell the restaurant to plaintiff

1

on July 1, 1916, for $1,200, the agreement providing that Andrew J. Lipp would procure the written consent of the owners of the adjoining premises, No. 1675 Broadway, not to lease 1675 Broadway for or engage themselves in the restaurant business for ten years. The agreement also provided that in the event that the owners of 1675 Broadway refused to sign such restrictive agreement the contract of sale to plaintiff would be void, and the cash payment of part of the purchase price returned by Andrew J. Lipp to the plaintiff. On July 1, 1916, the defendants, owners of No. 1675 Broadway, as parties of the first part, made, executed and delivered to the plaintiff, as party of the second part, an instrument in writing signed and sealed by them, reciting that plaintiff was about to purchase the restaurant business of Andrew J. Lipp, at No. 1677 Broadway, and providing:

" Whereas, The said parties of the first part are desirous of the said party of the second part purchasing the said business above mentioned,

" *Now, therefore,* in consideration of the premises and of the sum of one dollar, paid to the parties of the first part by the party of the second part, it is hereby agreed that the said parties of the first part will not rent the premises located at No. 1675 Broadway, Buffalo, N. Y., or themselves use for restaurant or rooming house purposes for a period of ten years."

It is the violation of this restrictive covenant that plaintiff seeks to restrain.

The defendants contend that they made, executed and delivered the written restrictive covenant to the plaintiff upon condition and as an added consideration therefor that the plaintiff orally agreed that he would purchase all groceries needed by him in his restaurant business at 1677 Broadway from the defendants at their grocery store at 1675 Broadway to the

amount of about thirty dollars per day, and because plaintiff failed to comply with such oral agreement the consideration for this restrictive covenant has failed, and that they were justified in its violation.

It is to be observed that the inducement to plaintiff to purchase the restaurant business at 1677 Broadway was the fact that the adjoining premises, 1675 Broadway, were not to be used for a like purpose. In fact, plaintiff's vendor agreed that if he could not procure such restrictive agreement from the defendants there would be no sale, and the agreement to sell and purchase should become void. To permit the incorporation of the alleged oral agreement relative to the purchase of groceries into the written instrument, as an alleged consideration or condition for its execution, completely changes, varies and practically destroys what the parties have reduced to writing. It is the making of a new agreement hostile and antagonistic to the written instrument, which is a specialty contract under seal. The written instrument creates an interest in real estate required to be under seal. It cannot be impeached by oral conditions hostile to its plain import. The oral evidence violates all the rules relative to the restriction of parol evidence conflicting with a written instrument. It changes and varies the written instrument; it is not such a collateral agreement as does not destroy the express provisions of the written instrument; it is a condition challenging the unconditional delivery of the written instrument, it does not explain the consideration expressed in the written instrument, but adds a subject foreign thereto; it impeaches the written instrument; the evidence is incompetent. *Stiebel* v. *Grosberg,* 202 N. Y. 266; *Hamlin* v. *Hamlin,* 192 id. 164; *Cocks* v. *Barker,* 49 id. 107; *Blewitt* v. *Boorum,* 142 id. 357; *Emmett* v. *Penoyer,*

151 id. 564; *Hope* v. *Balen*, 58 id. 380; *Barker* v. *Bradley*, 42 id. 316; *Hutchins* v. *Hebbard*, 34 id. 24.

The plaintiff must have judgment restraining the violation of defendants' agreement.

Judgment for plaintiff.