JOHN HOGAN, Respondent, v. PRODUCERS' DEVELOPMENT COMPANY, a Corporation, and HARVEY H. HEVENOR, Appellants, Impleaded with THEODORE K. MCCARTHY and Others, Defendants.

First Department, February 10, 1922.

Malicious prosecution — defense of release under seal — when reply denying consideration for release and alleging that it was obtained by fraudulent concealment insufficient to show release ineffective — consideration for release under seal conclusively presumed.

In an action for malicious prosecution, a reply denying that a release under seal pleaded by the defendants was upon consideration, and further alleging that it was obtained by a fraudulent concealment by the defendants that the malicious prosecution was the result of a conspiracy between the said defendants and other defendants, but which does not allege that the plaintiff relied upon the concealment in executing the release, or that it was induced thereby, states no facts rendering the release ineffective.

Although the common-law rule as to the effect of a seal was changed by section 840 of the Code of Civil Procedure to the extent of making the seal presumptive evidence only of consideration in case of an executory agreement, the consideration for a release under seal, not being an executory instrument, is still conclusively presumed as under the common law.

APPEAL by the defendants, Producers' Development Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of May, 1921, denying their motion for judgment on the pleadings.

*Gerard Roberts* [*Robert P. Stephenson* of counsel], for the appellants.

*James A. Turley,* for the respondent.

SMITH, J.:

The action was brought for damages for malicious prosecution. The defendants' answer asserted a release upon consideration and under seal. To that answer a reply was served denying that the release was upon consideration and further alleging that the release was obtained by a fraudulent concealment by the said defendants that the malicious prosecution for which the action was brought was the result of a conspiracy between the said defendants and other defendants sued.

By section 840 of the Code of Civil Procedure the common-law rule as to the effect of a seal was changed to the extent of making the seal presumptive evidence only of a consideration in case of an executory agreement. The consideration for a release under seal, however, not being an executory instrument, is still conclusively presumed as under the common law. (*Stiebel* v. *Grosberg*, 202 N. Y. 266.) As far as the release is challenged by the reply for

concealment by the defendants of the fact that the prosecution was the result of a conspiracy, such a defense to the release is unavailing because there was no duty on the part of the defendants to reveal the fact that other parties have conspired in the wrong of malicious prosecution, for which damages are sought. Without any duty to reveal that fact, there can be no fraud by the defendants in not informing the plaintiff thereof. It is not claimed that there were any false representations, nor is it alleged in the reply that the plaintiff relied upon that concealment in executing the release, or that the release was induced thereby. The reply, therefore, states no facts which would render ineffective the release pleaded in the defendants' answer, and the motion should have been granted.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the defendants' motion for judgment upon the pleadings granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.