324 So.2d 133 (1975)
SOUTHERN AMERICAN FIRE INSURANCE COMPANY, a Corporation, Appellant,
v.
Leonard RINZLER and Peninsular Life Insurance Company, a Corporation, Appellees.
No. X-460.
District Court of Appeal of Florida, First District.
December 15, 1975.
Rehearing Denied January 16, 1976.
John L. Hartnett, Miami, and Roger W. Rizk, Kent, Sears, Durden & Kent, Jacksonville, for appellant.
Joseph M. Glickstein, Jr., and Thomas C. Dearing, Glickstein, Crenshaw, Glickstein, Fay & Block, Jacksonville, for appellee, Rinzler.
SMITH, Judge.
The insurer contends, on its appeal from a judgment awarding $45,600 in fire loss benefits to its insured, that the deductible stated in the policy endorsement applicable to extended coverage perils must be applied to reduce the benefits payable to the insured for fire damage to the insured premises. The policy, however, specifies no deductible from benefits payable for loss by fire, and a deductible applicable only to certain losses specified in the extended coverage endorsement cannot be applied by implication to the primary fire coverage. The fire coverage intended was evidently full indemnity. Compare Glens Falls Ins. Co. v. Gulf Breeze Cottages, Inc., 38 So.2d 828 (Fla. 1949).
While appellant complains also of the sufficiency of the insured's evidence to justify the amount of the verdict and judgment, we cannot review the evidence in the absence of a motion for directed *134 verdict or for new trial, predicated on the sufficiency of the evidence, and in the absence of assignments of error in trial court rulings touching on the evidence and its sufficiency. Neither are we able to consider appellant's complaint that the attorney's fee awarded pursuant to § 627.428, F.S. 1973, was excessive, no record of the evidence submitted on that issue having been brought here. We are unwilling to rule that, regardless of the circumstances, the fee awarded is excessive as a matter of law. Worcester Mutual Fire Ins. Co. v. Eisenberg, 147 So.2d 575 (Fla.App.3d, 1962).
We grant Rinzler's motion for allowance of a fee for attorneys' services on this appeal. The amount will be determined by the trial court on proper application.
Affirmed.
BOYER, C.J., and RAWLS, J., concur.