373 So.2d 89 (1979)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Barry BURAK, Appellee.
Nos. 79-221, 78-2412.
District Court of Appeal of Florida, Third District.
July 24, 1979.
*90 Lane, Mitchell & Harris and Byron B. Mathews, Jr., for appellant.
Stuart S. Heller and Andrew C. Pavlick, Miami, for appellee.
Before HAVERFIELD, C.J., and KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The uninsured motorist provisions of the appellant-GEICO's insurance policy defined "uninsured automobile" as including an automobile
"[W]ith respect to which there is a[n] ... insurance policy applicable at the time of the accident but the company writing the same is or becomes insolvent ..." [emphasis supplied]
The trial court ruled that the emphasized language, which places no limitation as to the time within which the tortfeasor's insurer must become insolvent, constitutes a statutorily authorized expansion of the UM coverage required by Section 627.727(3), Florida Statutes (1973)[1] which provides:
An insurer's insolvency protection shall be applicable only to accidents occurring during a policy period in which its insured's uninsured motorist coverage is in effect when the liability insurer of the tortfeasor becomes insolvent within 1 year after such an accident. Nothing herein contained shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insureds than is provided hereunder. [emphasis supplied]
We agree with this determination. As we have held in several recent per curiam decisions involving identical provisions, Travelers Indemnity Co. v. Morales, 371 So.2d 503 (Fla. 3d DCA 1979); Travelers Ins. Co. v. Robertson, 369 So.2d 454 (Fla. 3d DCA 1979); General Accident Fire & Life Assurance Corp., Ltd. v. Builes, 370 So.2d 863 (Fla. 3d DCA 1979), GEICO's policy affords UM insolvency protection whenever the tortfeasor's company becomes insolvent, even if that date is more than one year after the accident. See also Moore v. Connecticut General Life Ins. Co., 277 So.2d 839, 842 (Fla. 3d DCA 1973), cert. denied, 291 So.2d 204 (Fla. 1974); compare Government Employees Ins. Co. v. Mirth, 333 So.2d 545 (Fla. 3d DCA 1976). The judgment under review, which embodies this conclusion,[2] is therefore
Affirmed.
NOTES
[1] This subsection has been renumbered as 627.727(4), Fla. Stat. (1977).
[2] The trial judge also correctly held that the policy's expanded coverage on this issue was not affected by what was merely a superfluous and immaterial "Florida exception" to the UM coverage which stated:

"Part IV  The term `uninsured automobile' includes an automobile with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the company writing the same becomes insolvent within one year after such accident."
It is axiomatic that when, as here, two provisions of an insurance policy deal with the same subject matter, the one affording greater coverage will prevail. E.g. Rucks v. Old Republic Life Ins. Co., 345 So.2d 795 (Fla. 4th DCA 1977); Oliver v. United States Fidelity & Guaranty Co., 309 So.2d 237 (Fla. 2d DCA 1975), cert. denied, 322 So.2d 913 (Fla. 1975).