648 So.2d 821 (1995)
INDIANA Insurance Company, Appellant,
v.
Leon Lazaro Miguelarcaina, Etc., et al., Appellees.
No. 93-1144.
District Court of Appeal of Florida, Third District.
January 4, 1995.
*822 Bunnell, Woulfe & Keller, Richard T. Woulfe, and Nancy Little Hoffman, Fort Lauderdale, for appellant.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel D. Eaton, Miami, for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.
PER CURIAM.
The defendant below, Indiana Insurance Company [Indiana], appeals from a final judgment entered in favor of the minor plaintiff, Leon Lazaro Miguelarcaina. We affirm.
The plaintiff was injured while operating a tractor lawn mower previously repaired by Tropical Lawnmower, Inc. [Tropical], which was insured by Indiana. The plaintiff sued Tropical, which demanded a defense from Indiana under its policy. Indiana denied coverage based on Endorsement 12-35, the product hazard and completed operations exclusion endorsement contained in the policy. The complaint was amended to join William Torrente, Tropical's principal. Several months later, the plaintiff filed a second amended complaint alleging that his action against Tropical had been settled for $300,000 based on a stipulation for final judgment.
Indiana moved for summary judgment once again denying coverage based on Endorsement 12-35. Indiana alleged Tropical had premises and operations coverage which does not provide coverage for an incident giving rise to injury which occurs after the work is completed. The trial court denied Indiana's motion for summary judgment.
Thereafter, the plaintiff filed a third and then a fourth amended complaint. The fourth amended complaint contained a single breach of contract claim against Indiana. The fourth amended complaint further alleged that the plaintiff had settled with both Tropical and Torrente for $300,000. Under the settlement agreement, the plaintiff had agreed not to execute against Torrente or Tropical and that, in turn, these defendants assigned their interest in any insurance proceeds to the plaintiff. Indiana answered alleging that coverage was excluded under the policy and that the consent judgment was either void or voidable.
The plaintiff moved for summary judgment alleging that the policy provided coverage and that Indiana should pay the full amount of the $300,000 judgment. Indiana filed a cross motion for summary judgment. The trial court granted the plaintiff's motion for summary judgment as to coverage, but denied the plaintiff's motion insofar as it sought entry of a judgment for the full $300,000. The plaintiff then filed his fifth amended complaint adding a count for bad faith against Indiana.
On April 20, 1993, the trial court entered final judgment in favor of the plaintiff finding that Indiana provided coverage to its insureds, Tropical and Torrente, for the accident. The court's ruling was based on the theory that the endorsement containing the completed operations exclusion was ineffectual to accomplish its stated intent. Indiana is responsible under the breach of contract claim for payment of its policy limits of $100,000, plus costs, prejudgment interest, and attorney's fees. The court retained jurisdiction to consider the bad faith claim. Indiana appealed. Thereafter, the trial court entered an amended final judgment on October 5, 1993, in which it ruled that Indiana was responsible for interest on the $100,000 from April 30, 1988, which was the date that the plaintiff and Tropical had entered into their settlement agreement. Indiana filed an amended notice of appeal directed to these additional rulings.
Indiana contends that the trial court erred in granting the plaintiff's motion for summary judgment where Endorsement 12-35 was made a part of the policy at the time of issue and where there was no technical defect in the manner in which the exclusionary *823 endorsement was incorporated in the policy. We disagree.
The Florida Supreme Court has admonished:
And so long as [insurance policies] are drawn in such a manner that it requires the proverbial Philadelphia lawyer to comprehend the terms embodied in it, the courts should and will construe them liberally in favor of the insured and strictly against the insurer to protect the buying public who rely upon the companies and agencies in such transactions.
Hartnett v. Southern Ins. Co., 181 So.2d 524, 528 (Fla. 1965). Moreover, "[t]he fine print of an insurance policy ... should not be read to exclude coverage unless it plainly and with certainty `brings home' in unambiguous language to the insured that he is not protected in a certain particular." Hodges v. National Union Indem. Co., 249 So.2d 679, 681 (Fla. 1971). As a result, exclusionary clauses are to be narrowly and literally construed. Triano v. State Farm Mut. Auto. Ins. Co., 565 So.2d 748 (Fla. 3d DCA 1990).
In the instant case, Mr. Torrente purchased Special Multi-Peril Liability Insurance as evidenced by the cover page and the forms and endorsements attached and made part of the policy. The declarations page of the policy lists endorsement 12-35 as being incorporated into the policy. Although endorsement 12-35 states that it forms a part of policy No. SMP XX-XXX-XXX, it also provides that "[t]his endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following: COMPREHENSIVE GENERAL LIABILITY INSURANCE." The pre-printed caption refers to different coverage than that which the policy was supposed to provide.
By its own terms, Endorsement 12-35 does not exclude any of the insurance coverage otherwise provided in the policy. The endorsement does not seem to apply. This point is reinforced by the fact that other form endorsements attached to the policy specifically reference and explicitly amend SMP and Special Multi-Peril Liability Insurance. Moreover, Mr. Torrente could reasonably have considered Endorsement 12-35 irrelevant since there are numerous provisions in the policy which are plainly superfluous and extraneous to the coverage which he actually purchased.
Because the language of the exclusion must be read literally and any ambiguity must be construed strictly against Indiana, we find that the trial court properly concluded that the endorsement was ineffective to exclude the coverage provided elsewhere in the policy. See Government Employees Ins. Co. v. Burak, 373 So.2d 89 (Fla. 3d DCA 1979); Southern Am. Fire Ins. Co. v. Rinzler, 324 So.2d 133 (Fla. 1st DCA 1975) (deductible which in policy endorsement applied only to "extended coverage perils" cannot be applied by implication to the primary fire coverage extended by the policy).
Indiana also contends that the trial court erred in awarding the plaintiff prejudgment interest from August 30, 1988, the date on which Mr. Torrente settled with the plaintiff, since this was essentially an action to recover personal injury damages. We disagree.
The plaintiff's action against Indiana is not a personal injury action. The plaintiff's personal injury damages were liquidated and reduced to judgment in the underlying personal injury action which they brought against Mr. Torrente. Mr. Torrente thereafter assigned his breach of contract claim against Indiana to the plaintiffs. The instant case was brought by the plaintiffs as assignees of Mr. Torrente, and the plaintiffs therefore stand in Mr. Torrente's shoes. This action is therefore an action for breach of Indiana's contract of indemnity, and not a personal injury action. See Hyatt Legal Services v. Ruppitz, 620 So.2d 1134, 1136-37 (Fla. 2d DCA), review denied, 629 So.2d 133 (Fla. 1993); Florida Insurance Guar. Ass'n v. Giordano, 485 So.2d 453 (Fla. 3d DCA 1986).
In view of the foregoing, we affirm the final judgment entered in its totality.
Affirmed.