# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

Mr. Aaron Brown
Ms. Nicole Miles-Berry
119 Davis Circle
Dover, DE 19904

Mr. Michael K. DeSantis, Esquire
Law Office of Dawn L. Becker
Citizens Bank Center
919 Market Street, Suite 550
Wilmington, DE 19801

Submitted:  August 30, 2022
Decision Deferred:  September 28, 2022

RE:  *Aaron Brown, Nicole Miles-Berry, Z.B., a minor, Z.B., a minor and Z.B., a minor v. Geico Choice Insurance Company*
*K20C-03-038 JJC*

Dear Mr. Brown, Ms. Miles-Berry and Mr. DeSantis:

This letter explains the Court's request for additional briefing before it decides GEICO's motion for partial summary judgment.  At this point in the proceedings, GEICO's interpleader claim is reduced  to the question of how much uninsured motorist coverage is available to the Plaintiffs.   Supplemental argument from the parties addressing two issues would be helpful:  (1) whether the General Assembly's 2017 statutory amendment that increased the minimum uninsured/underinsured limits to $25,000/$50,000 applies to the policy and accident at issue;  and *if* those

higher limits apply, (2) whether the Plaintiffs, who were insureds (but not policy-holders), have standing to demand such coverage.

Regarding the first issue, the Delaware Supreme Court has defined what changes to an insurance policy create a new policy. In *State Farm Mutual Auto Insurance Company v. Arms*[1] and *Mason v. United Services Automobile Association,*[2] the Court explained that the inquiry rests upon whether an endorsement, amendment, or change to the policy materially changed the policy.[3] If the changes were material, then there is a newly issued policy.[4] In this case, if GEICO materially changed the policy before the April 2018 accident, it issued a new policy before the accident. If a new policy came into being before the accident, then the 2017 statutory amendment's higher limits may apply to the Plaintiffs' claims because the higher limits are mandatory for all *newly issued* or *renewed policies* "that occur[ed] after [December 13, 2017].[5]

Here, Plaintiffs contend that when GEICO issued a new endorsement, before the accident, it created a new policy of insurance. Accordingly, Plaintiffs believe the higher minimum limits apply. In contrast, GEICO did not address this endorsement in its briefing. As a result, the Court requests supplemental argument to address what effect, if any, the February 2018 policy change has on this claim.[6]

The second issue involves GEICO's challenge to Plaintiffs' standing. GEICO argues that the Plaintiffs, as permissive users and occupants of the GEICO insured vehicle, are not entitled to the higher limits because they do not have standing to seek to reform the policy. In support, GEICO cites the Superior Court's decision in

---

[1] 477 A.2d 1060 (Del. 1984).
[2] 697 A.2d 388 (Del. 1997).
[3] *Arms*, 477 A.2d at 1064-65.
[4] *Id.*
[5] 81 Del. Laws ch. 39 § 2 (2017).
[6] *See* Pl. Supp. Filing, D.I. 50, Ex. B (attaching what appears to be an endorsement to the policy and a new declaration page issued prior to the accident).

2

*Menefee v. State Farm.*[7]  That decision, however, addressed a plaintiff's standing to challenge the sufficiency and timing of a meaningful offer to increase UM coverage under 18 D*el. C.* § 3902**(b)**.   Additional non-mandatory Delaware State and federal case decisions have also applied that approach.[8]   This case, however, does not implicate Section 3902(b).   Rather, it involves the statutory minimum coverage guaranteed by 18 *Del. C.* § 3902(a)(2) and 21 *Del. C.* § 2902(b).

Accordingly, the Court invites both parties to address Plaintiffs' standing more fully.  The submissions should address at least two matters.   At the outset, they should address, in a general sense, whether an insured, who is not a policy-holder,  is foreclosed from reforming any portion of an insurance policy based upon the Section 3902(b) related case law.   Apart from that, the parties should also focus on whether a claim for statutory minimum benefits under Section 3902(a)(2) must be evaluated differently than the offer-acceptance mechanism examined in the cases where a plaintiff sought reformation.   In other words, should Section 3902(b) be treated differently than Section 3902(a)(2) for purposes of determining an insured's standing to demand statutorily required minimum coverage?

Third, and finally, the parties included portions of the relevant policy in the summary judgment record.   In the absence of a complete policy for the Court to review, the record is incomplete.  To provide additional context for the Court's decision, GEICO must provide the Court (1) a certified complete copy of the policy as it existed prior to February 4, 2018,  and (2) a certified declaration page and a complete copy of any endorsements to the policy that GEICO issued on February 6, 2018.

---

[7] 1986 WL 6590 (Del. Super. May 28, 1996).
[8] *See e.g., Starr v. Nationwide Mutual Ins. Co.,* 548 A.2d 22, 28 (Del. Ch. 1988), aff'd 575 A.2d 1083 (Del. 1990).  On appeal, the Delaware Supreme Court affirmed the Court of Chancery's decision but did so without addressing the issue of standing of a plaintiff that did not appeal the issue.

The parties should provide their supplemental argument and information on or before November 1, 2022.   They may submit their arguments  in letter form in the length they believe appropriate to address these issues.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & ServeXpress*